## No. 9258.

### CLAUSSEN *v*. FIRST NATIONAL BANK OF MONTE VISTA.

ESCROW—*Conditions construed.* Certain promissory notes and other papers were deposited with defendant, with written instructions to the effect that if parties named should demand the paper by a day designated, the bank should surrender them. No such demand was made. The bank was justified in delivering the notes to the payees named therein.

*Error to Rio Grande District Court, Hon. A. Watson McHendrie, Judge.*

Mr. JOHN I. PALMER, Mr. JOHN HELBIG, and Mr. JESSE STEPHENSON, for plaintiff in error.

Messrs. BARDWELL, HECOX, McCOMB and STRONG, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THE plaintiff in error, plaintiff below, on the 19th day of September, 1912, entered into a written agreement with Rutherford L. Dowdell and Charles C. Baum, doing business as the Monte Vista Realty Company, whereby the latter agreed to sell, and the plaintiff agreed to purchase, a certain tract of land in Rio Grande County for the agreed consideration of $35,575.76, payments to be made as follows: $500 cash, thirteen notes of $1,000 each, and one note for $1,375.76, all due and payable before the first day of March, 1913, and to assume and agree to pay a mortgage of $20,000 then covering the land.

It was agreed that a check for $500 and the several promissory notes should be deposited with the defendant, the First National Bank of Monte Vista, in escrow until September 26th, 1912, upon the following condition: "That if the party of the second part, his sons, namely Fred Claussen and Jake Claussen, shall on or before that time after inspecting the land, not be satisfied as to the value and quality of the land above described, then this contract shall become null and void and of no effect. And the party

of the second part shall have until the 26th day of September, 1912, for the said Fred and Jake Claussen to make such inspection, otherwise this memorandum of agreement is for specific performance and shall extend to and be binding and obligatory upon the parties hereto, their heirs, executors and assigns."

A copy of this agreement was deposited with the bank with the following instruction in regard to the transaction, in writing signed by the parties:

"Monte Vista, Colo., Sept. 19, '12.

The First National Bank,

City.

Gentlemen: We hand you herewith contract between the Monte Vista Realty Company and Peter Claussen, also check for $500.00, and thirteen notes for $1,000.00 each, and one note for $1,375.76. You are to keep these papers in your possession until the 26th day of September, 1912, and in the event that the said Fred Claussen and Jake Claussen make demand for the notes and check herewith enclosed, you are hereby authorized to do so, according to the terms and agreements of the contract herewith enclosed.

THE MONTE VISTA REALTY COMPANY,

By Rutherford L. Dowdell.

PETER CLAUSSEN."

There was no demand for the return of the notes and check by Claussen or either of his sons on or before the 26th day of September, nor at all, and the defendant bank delivered to the Monte Vista Realty Company the check and promissory notes as stipulated in the agreement.

It appears that the two sons of Claussen did inspect the land on or about the 26th day of September, and were dissatisfied with the same and so notified the Realty Company, but did not advise or notify the bank of this fact, nor at any time claim possession of the contract or papers.

The Realty Company cashed the check and disposed of a portion of the notes to innocent third persons.   The check was paid by Claussen's bank, and he afterward paid some of the notes so disposed of as late as October, 1913, or more than one year after the delivery of the same to the bank.

He also moved upon and took possession of the land, but the contract was not consummated, and later Claussen brought suit against the Realty Company to rescind the contract of purchase and sale, and secured judgment for the cancellation of the notes remaining unpaid and in the possession of the Realty Company.

This suit is by Claussen to recover damages from the bank for alleged wrongful delivery of the check and notes to the Realty Company.

A demurrer to the complaint was overruled and the defendant bank answered, setting up its demurrer to the complaint, denying the violation of the escrow agreement, and alleging a ratification of its acts by reason of the acts and conduct of the plaintiff, before stated.

The cause was tried to the court and judgment rendered in favor of the defendant bank.   In rendering judgment, the court said:   "The reasons for the findings are that regardless of whether or not the papers in escrow have been delivered by defendant in violation of the terms of the escrow, and not finding one way or the other as to that, for the court is persuaded that for the purposes of this decision we may assume that the papers were wrongfully delivered, and still the complainant cannot recover for the reason that, first, plaintiff by his action to rescind the contract, which was the basis of the escrow papers, elected to stand by the contract, and secondly, the plaintiff is estopped from recovery by his subsequent ratification of the action of the defendant in delivering the papers."

Regardless of the question of ratification, we think the court should have found that the bank as an escrow holder was absolved from liability under the undisputed facts in the case.

The condition of the escrow was that unless the plaintiff's sons should make demand for the notes and check on or before the 26th day of September, 1912, they were to be delivered to the Realty Company.

It is admitted that there was no such demand and the bank was therefore obligated to make such delivery. The complaint did not allege facts which constituted a violation of the condition upon which the notes and check were to be delivered, and the demurrer should have been sustained in the first instance.

The judgment is affirmed.

Garrigues, C. J. and Denison, J., concur.